## John Culver *versus* Thomas Ashley.

All demands between the parties were submitted to arbitration, and the arbitrators were authorized, in case they should find the plaintiff indebted to the defendant, to *estimate the value of certain chattels* of the plaintiff, and the defendant was to take them in part payment. The arbitrators found the plaintiff indebted to a less amount than the value of the chattels, but, instead of appraising so much only of the chattels as would pay the debt, they awarded that the defendant should take them and pay the plaintiff in money the excess of their value beyond the amount of the debt. *Held*, that the arbitrators had exceeded their authority and that the award was invalid.

Debt on an award.

The defendant had leased a farm to the plaintiff for one year, and by the terms of the contract the crops &c. were to be their joint property ; and the plaintiff mortgaged his share to the defendant, as security for performance of the conditions of the lease.

The parties submitted all demands between them to arbitrators, and their award was to be final. The arbitrators were to hear the parties " respecting the management of the farm of Ashley by Culver, the state of said farm, and the claims of Ashley against Culver, and proceed to estimate what shall be just and right and lawful between the parties and according to the contract signed by Ashley and Culver. And if they shall find that Culver is indebted to Ashley, they shall estimate the improved value of the stock &c., and deduct it therefrom ; and shall also appraise certain property this day mortgaged by Culver to Ashley, which Ashley shall receive in part payment of his claim. And if they shall find that Ashley is indebted o Culver, they shall so award."

The arbitrators awarded, that Ashley should have certain property, viz. the improvements, grass, grain, crops, growth

of stock, &c. free of any claim by Culver ; that Culver, in one week, should remove from the farm, with all the property he brought with him, free of any claim by Ashley ; and " if he hall remove within the time specified and leave the premises and property in the same situation they are now in, Ashley shall pay him $34,72, and costs of this reference, taxed at 19·57."

In the Court of Common Pleas, before *Williams* J., the defendant contended that the arbitrators had exceeded their authority, in awarding a balance against him in consideration of that part of the award which assigned to him the entire interest in what was before the common property of the parties ; that as this property was a part of that which was mortgaged, the arbitrators had no right to award that any of the plaintiff's interest in it should be assigned to the defendant, unless it should appear upon a settlement of their mutual dealings, that the plaintiff was indebted to the defendant ; and if the arbitrators should so find, they could only appraise so much as would discharge the balance thus found, and they could not oblige the defendant to take the property and pay the plaintiff money for it. The court overruled this objection, and the defendant excepted to the decision.

*Alvord* and *W. G. Bates*, for the defendant.

*Leonard* and *Blair*, for the plaintiff.

WILDE J. subsequently drew up the opinion of the Court. The arbitrators were authorized by the submission, in case they should find that the plaintiff was indebted to the defendant, to estimate the improved value of the stock &c., and deduct it from the debt, and also to appraise certain property mortgaged by the plaintiff to the defendant, which the defendant was to receive in part payment of his claim. The arbitrators found a balance due to the defendant, and in payment of this balance they were authorized to estimate and appraise the improvement of the stock, and to transfer the same, and the other property, to the defendant ; but they had no power to transfer more of the common property than was necessary to extinguish the balance ; and in so doing they manifestly exceeded their authority. It is true, that the arbitrators were authorized to consider all demands between the parties. and to

Culver
*v.*
Ashley.

*Sept. 22d.*

estimate what was just, right and lawful between them according to their contract; but this gave them no authority to compel the defendant to become a purchaser; for this was not in pursuance of the contract. The judgment of the Court of Common Pleas therefore must be reversed, and a new trial granted.